UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH DESOLA,

                        Plaintiff,                        **ORDER**
                                                          CV 06-1745 (ADS) (ARL)

    -against-

TIMES MIRROR GROUP LONG-TERM
DISABILITY PLAN, et al.,

                        Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is plaintiff's letter application, dated March 23, 2007, seeking to compel responses to his discovery demands as well as the production of additional witnesses for deposition. Defendants Time Mirror Pension Plan, Times Mirror Employee Stock Ownership Plan, Times Mirror 401K Plan for Employees of Times Mirror Company, Times Mirror Company and Newsday, Inc. (collectively, "Times Mirror defendants") oppose the application by letter dated March 28, 2007. Defendants Prudential Insurance Company of America and the Times Mirror Group Long-Term Disability Plan (together, "Prudential") oppose the application by letter dated March 27, 2007. According to the defendants, the plaintiff's demands are untimely and therefore no response is required. For the reasons that follow, the application is denied.

      A discovery schedule was first entered in this case on June 23, 2006 which required the completion of all discovery by December 20, 2006. On January 18, 2007 the discovery deadline was extended to January 31, 2007 "for the limited purpose" of permitting the defendants' responses to the plaintiff's then "pending discovery demands." The order did not permit plaintiff to serve new discovery demands. At the parties' request, by order dated January 25, 2007, the court further clarified that previously noticed depositions were to be completed by March 2, 2007. The court extended this deadline to March 16th for the sole purpose of completing a single deposition. See Order, dated February 23, 2007. It is clear that plaintiff's discovery demands first served on March 1, 2007 were not only untimely but were also beyond the scope of permissible discovery as outlined in the court's order of January 18th. For these reasons, the motion to compel responses to plaintiff's discovery demands is denied.[1]

---

[1] It should be noted that to the extent plaintiff seeks a copy of the relevant benefit plan from Prudential, the defendant represents that it long ago provided such document. Moreover, although plaintiff characterizes the discovery requests to Times Mirror as not burdensome, he seeks all trustee and committee minutes from 1994 to the present in which any of the plans were discussed, with or without regard to the plaintiff, and all correspondence from 1994 to the present pertaining in any way to plaintiff's earnings, pension benefits, stock options and other

With regard to the plaintiff's motion to compel the Times Mirror defendants to produce additional witnesses to testify as to the specific matters enumerated in the 30(b)(6) deposition notice, the plaintiff claims that the witnesses produced, James King and Patricia Kerr, did not have all of the information requested in the notices. Notably, the plaintiff has not provided the court with transcripts from these depositions or with specific page references reflecting his objections. In addition, although James King's deposition was taken on February 28th, and Patricia Kerr's deposition was taken on March 9th, plaintiff made no attempt to confer with his adversaries in an attempt to resolve this matter prior to seeking judicial intervention. Accordingly, this prong of the plaintiff's application is also denied at this time.

Dated: Central Islip, New York  
      March 30, 2007

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge

---

forms of compensation. This demand is not only overly broad but exceeds the limited discovery permitted in ERISA cases, such as the instant one, which are subject to the "arbitrary and capricious" standard of review.