```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSEPH DESOLA,
```

                                  Plaintiff,                  **ORDER**
                                                                          CV 06-1745 (ADS) (ARL)

        -against-

TIMES MIRROR GROUP LONG-TERM
DISABILITY PLAN, et al.,

                                  Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is a series of letter motions. By letter dated April 17, 2008, defendants Time Mirror Pension Plan, Times Mirror Employee Stock Ownership Plan, Times Mirror 401K Plan for Employees of Times Mirror Company, Times Mirror Company and Newsday, Inc. (collectively, "Times Mirror defendants") and defendants Prudential Insurance Company of America and the Times Mirror Group Long-Term Disability Plan (together, "Prudential") seek to lift the stay on dispositive motion practice and request that the court order plaintiff to serve his Rule 56.1 counter statement by a date certain. Plaintiff opposes the application by letter dated April 23, 2008 and requests that the court re-open discovery. According to the plaintiff, he has "identified several new sources of evidence relevant to this litigation" from his review of the documents received from the Department of Labor and the Internal Revenue Service and, despite the fact that discovery closed over a year ago, he has served an *ex parte* third-party subpoena on Ernst & Young, LLP. Defendants oppose any further discovery and move to quash the subpoena. See Cerasia Ltr, dated April 30, 2008 and Arbitrio Ltr. dated May 1, 2008.

      By way of background, a discovery schedule was first entered in this case on June 23, 2006 which required the completion of all discovery by December 20, 2006. On January 18, 2007 the discovery deadline was extended to January 31, 2007 "for the limited purpose" of permitting the defendants' responses to the plaintiff's then "pending discovery demands." The order did not permit plaintiff to serve new discovery demands. At the parties' request, by order dated January 25, 2007, the court further clarified that previously noticed depositions were to be completed by March 2, 2007. The court extended this deadline to March 16th for the sole purpose of completing a single deposition. See Order, dated February 23, 2007. On April 12, 2007, the parties appeared for the final conference and, following argument from counsel, the undersigned reopened discovery "for the limited purpose of determining whether the defendant is able to produce a Rule 30(b)(6) witness with knowledge of how the benefit plan defined wages during the period encompassing the mid-1980's to 1994." The court further permitted the plaintiff to "subpoena on notice benefit plans covering this period from the Department of Labor or the Internal Revenue Service" and stayed motion practice pending completion of these limited matters. See Order, dated April 12, 2007.

Plaintiff offers no explanation for his inordinate delay in bringing these issues forward, particularly given the fact that the DOL provided its response to his subpoena some ten months ago in June 2007. Accordingly, plaintiff's request to conduct further discovery over a year beyond the close of discovery is egregiously untimely and is denied. Moreover, insofar as the subpoena to Ernst & Young was served without prior notice to the defendants it violates Federal Rule of Civil Procedure 45(b)(1) and is quashed. Given that the limited discovery that the court ordered on April 12, 2007 is complete, discovery is closed. Plaintiff is directed to serve his Rule 56.1 counter statement by **May 26, 2008.** A final conference is scheduled for **May 12, 2008 at 11:30 a.m.**

Dated: Central Islip, New York
      May 5, 2008

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge